UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL                    'O'

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
|---|---|---|---|
| Title | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |


| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE |
|---|---|

| CONNIE LEE | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**     (IN CHAMBERS) - MOTION TO DISMISS FILED BY
DEFENDANTS COUNTY OF SAN BERNARDINO, SAN
BERNARDINO SHERIFF'S DEPARTMENT, AND SHERIFF
JOHN MCMAHON (Dkt. 22, filed July 11, 2016)

MOTION TO DISMISS FILED BY DEFENDANTS CITY OF
COLTON AND COLTON POLICE DEPARTMENT (Dkt. 26,
filed July 14, 2016)

MOTION TO DISMISS FILED BY DEFENDANT OFFICER
MATTHEW COLLINS  (Dkt. 32, filed August 2, 2016)

## I.     INTRODUCTION

On June 27, 2016, plaintiff Manuel Bravo Martinez filed the operative First
Amended Complaint ("FAC") in this putative class action against defendants City of
Colton ("Colton"), Colton Police Department ("CPD"), and CPD Police Officer Matthew
Collins ("Collins"), in both his individual and official capacities; defendants County of
San Bernardino ("the County"), San Bernardino County Sheriff's Department
("SBCSD"), and San Bernardino County Sheriff John McMahon ("McMahon"), in both
his individual and official capacities; and Does 1-10.[1] Dkt. 19 (FAC).  In brief, plaintiff

---

[1]  The Court collectively refers to the County, SBCSD, and Sheriff McMahon as
"the County Defendants."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
| --- | --- | --- | --- |
| Title | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

alleges that he was wrongfully arrested and briefly incarcerated on a warrant meant for another, similarly-named individual.[2]

Specifically, plaintiff asserts the following claims: Claim No. 1, by plaintiff individually, against Colton, CPD, and Officer Collins, for false arrest in violation of the Fourth Amendment; Claim No. 2, by plaintiff individually and as a class representative, against Colton, CPD, the County, SBCSD, and Sheriff McMahon for wrongful incarceration violation of the Fourteenth Amendment; Claim No. 3, by plaintiff individually, against Colton and CPD for false arrest in violation of Article I, Section 13 of the California Constitution; and Claim No. 4, by plaintiff individually and as a class representative, against the County and SBCSD for common law false imprisonment.

On July 11, 2016, the County, SBCSD, and Sheriff McMahon filed a Rule 12(b)(6) motion to dismiss plaintiff's FAC. Dkt. 22 ("County Motion"). On August 1, 2016, plaintiff filed an opposition to the County's motion. Dkt. 30 "Opp'n to County"). On August 8, 2016, the County, SBCSD, and Sheriff McMahon filed a reply. Dkt. 34 ("County Reply").

On July 14, 2016, Colton and CPD filed a separate Rule 12(b)(6) motion to dismiss plaintiff's FAC. Dkt. 26 ("Colton Motion"). On August 1, 2016, plaintiff filed an opposition to Colton's motion. Dkt. 31 ("Opp'n to Colton"). On August 8, 2016, Colton and CPD filed a reply. Dkt. 33 ("Colton Reply").

---

[2] Plaintiff filed the original complaint in this action on April 14, 2016. Dkt. 1. On May 25, 2016, the County Defendants filed an Answer to the original complaint. Dkt. 9. Also on May 25, 2016, defendants City of Colton and CPD filed a motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 10. On June 6, 2016, plaintiff timely filed an opposition, which also attached a proposed First Amended Complaint. Dkt. 14. On June 24, 2016, the Court granted plaintiff leave to file the operative FAC and denied Colton and CPD's outstanding motion to dismiss as moot. Dkt. 18.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
| Title | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

On August 2, 2016, CPD Officer Collins filed an additional Rule 12(b)(6) motion to dismiss plaintiff's FAC.  Dkt. 32.  On August 22, 2016, plaintiff filed an opposition to Collins's motion.  Dkt. 38 ("Opp'n to Collins").  On August 26, 2016, plaintiff filed an untimely "supplement" to his opposition, without seeking leave to do so.  Dkt. 38 ("Suppl. Opp'n to Collins").  On August 29, 2016, Officer Collins filed a reply.  Dkt. 40 ("Collins Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

### A.   Allegations in the Operative FAC

The operative FAC begins with background information regarding California's fingerprinting system, as well as certain warrant and booking procedures.  See generally FAC at ¶¶ 16-34.  According to the FAC, the California Department of Justice ("CDOJ") maintains a Wanted Persons System ("WPS"), which contains information about warrants issued by courts in the state.  When an individual is booked into a California jail, an electronic image of his or her fingerprints, called a "Livescan," is generated, recorded, and transmitted to the CDOJ.  If the CDOJ already has the arrestee's fingerprints on file, the subject's criminal identification and information ("CII") number and criminal history are sent to the arresting agency.  If the CDOJ does not already have the arrestee's fingerprints on file, a new CII number is assigned.  This number is linked to one's fingerprints, name, birth date, address, and other identifiers, such as one's social security number.

Defendants San Bernardino County and SBCSD also operate their own central repository, called "JIMS," for warrants issued by the San Bernardino Superior Court.  The County assigns its own fingerprint-based number, called a "Cal ID" number, to its warrants.  The JIMS database includes identification data on a warrant's subject, including, among other things, the name, date of birth, ethnicity, height, weight, sex, eye and hair colors, and unique identifying numbers such as one's CII, Cal ID, driver's license number, social security number, and FBI number (which operates like California's CII number, but at the national level).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL                                    'O'

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
|----------|----------------------|------|-----------------|
| Title | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

Two warrants are relevant to the facts underlying plaintiff's allegations here.  The first warrant called for the arrest of Manuel Martinez, Jr. ("suspect Martinez," who is not the plaintiff here) and was issued by the San Bernardino County Superior Court on or about November 27, 2013 in People v. Manuel Martinez, Jr., Case No. FVI 1303104. FAC at ¶ 44.  Plaintiff alleges that County/SBCSD personnel created a warrant record in their computerized warrant system, and further created an entry in WPS alerting agencies outside of San Bernardino County to the existence of the warrant calling for suspect Martinez's arrest.  Plaintiff alleges that suspect Martinez was never arrested on this warrant.  About a year and a half later, on or about March 13, 2015, in People v. Manuel Martinez, Jr., Case No. FVI 1500569 (a different case than the one above), the San Bernardino County Superior Court issued an additional no-bail felony warrant for the arrest of suspect Martinez.

Roughly five months later, on August 11, 2015, at about 7:30 in the morning, plaintiff Manuel Bravo Martinez was pulled over for an alleged traffic violation by defendant CPD Officer Collins.  Id. at ¶ 48.  During the course of the stop, Collins ran a warrant check on plaintiff, was informed of felony warrant #FVI 1303104, and was provided its subject's name, birth date, ethnicity, sex, height, weight, driver's license number, and address.  Id.  Plaintiff alleges that at least four "major identifiers" of the warrant's intended subject did not match those belonging to plaintiff:

(1) *name* —"Manuel Martinez, Jr." (warrant subject) vs. "Manuel Bravo Martinez" (plaintiff);

(2) *birth date* — although both the warrant subject and plaintiff were born in 1983, their listed birth dates were two months and eight days apart;

(3) *address* — a street address in Oak Hills, California (warrant subject) vs. a street address in Hawaii (plaintiff);

(4) *driver's license number* — D_ _ _ _ _ 95 (warrant subject) vs. D_ _ _ _ _ 67 (plaintiff);

Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
|---|---|---|---|
| Title | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

Plaintiff avers that "[n]otwithstanding the conflicts and inconsistency between identifiers for the warrant's subject and [p]laintiff and, despite the protests of [p]laintiff and his sister (who had arrived at the scene) that [p]laintiff could not be the subject of any warrant," Collins arrested plaintiff on warrant #FVI 1303104 and transported him to the San Bernardino County Jail Central Detention Center. Id. at ¶ 49. Plaintiff was booked into the jail on felony warrant #FVI 1303104 at about 8:36 a.m. on August 11, 2015.

Plaintiff further alleges that at the San Bernardino Jail, plaintiff continued to protest that he was not the subject of warrant # FVI 1303104, but County and SBCSD officials "ignored [p]laintiff's protests even though they knew, just like Collins, [that] there were material discrepancies [between] the four [aforementioned] identifiers." Id. at ¶ 50. According to plaintiff, County/SBCSD officials (1) knew, "based on how warrant #FVI 1303104 was issued, that the County JIMS system had available the unique and biometric identifiers CII and Cal ID numbers for the warrant's true subject (suspect Martinez)"; (2) knew plaintiff's CII and Cal ID numbers (neither of which matched to suspect Martinez's identifiers)"; and (3) knew "that comparing the identifiers would take just seconds with no appreciable effort," but the County and SBCSD officials "continued to ignore [p]laintiff's protests and made no effort to compare the identifiers." Id. Plaintiff contends that CPD Officer Collins and County jail personnel ignored plaintiff's complaints because "it is the custom and practice of the County, SBCSD, Colton and CPD to ignore claims of mistaken identity, that instead the County, SBCSD, Colton and CPD leave it to a judge to figure out even though County, SBCSD, Colton and CPD officials know that judicial officers, unlike defendants, do not understand and cannot use law enforcement identification systems." Id. at ¶ 51.

Plaintiff asserts that at about 3:06 p.m. on the day of his arrest, County/SBCSD personnel received from the CDOJ "a CDOJ report establishing that based on [p]laintiff's fingerprints[,] [p]laintiff's criminal history ruled him out as the subject of warrant #FVI 1303146." Id. at ¶ 52. Nonetheless, plaintiff remained in jail overnight until he was arraigned in court the following day on both the FVI 1303104 case and the FVI 1500569 case. Id. at ¶ 53. Plaintiff allegedly protested that he was not the intended subject of the warrant, but his complaints were "ignored" and he was denied an "own-recognizance" release. Plaintiff avers that because he feared losing his job, he borrowed funds from his family and posted a $100,000 bond to secure his release before his next scheduled court appearance set for August 20, 2015. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL                'O'

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
|---|---|---|---|
| Title | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

On August 20, 2015, plaintiff appeared in the San Bernardino Superior Court, and the presiding judge "compared [p]laintiff's name and birth date (as verified by [p]laintiff's driver's license) with that of suspect Martinez (as recorded on the warrants) and quickly concluded [p]laintiff was not suspect Martinez." Id. at ¶ 54. The court ordered plaintiff's release, and then re-issued the warrants for suspect Martinez. Ultimately, plaintiff alleges that SBCSD personnel and CPD Officer Collins "booked [p]laintiff on warrant #FVI 1303104 despite the evidence, both known and readily available, establishing [p]laintiff was not the warrant's subject, because it is the long-standing SBCSD, Colton and CPD practice to regularly ignore prisoners' complaints they are being held on warrants meant for another, and instead to accept an outside agency's determination that an arrestee is the warrant's subject even though SBCSD personnel know or should know that the arrestee cannot be the warrant's intended subject." Id. at ¶ 56.

### B.     The County Defendants' Request for Consideration of Documents Not Physically Attached to the Operative Complaint

In support of their motion to dismiss, the County Defendants have submitted what they aver are true and correct copies of the following three documents: (1) a copy of San Bernardino County Superior Court arrest warrant No. FVI1303104, dated November 27, 2013, for the arrest of suspect Martinez ("the paper warrant"); (2) a copy of the SBCSD Booking Record and Arrest/Booking Application pertaining to plaintiff's August 11, 2015 arrest ("the booking application"); and (3) a copy of plaintiff's Criminal History report, which was purportedly generated from his Livescan fingerprints at the time he was booked on August 11, 2015 ("the criminal history report"). In a separately-filed ex parte application, plaintiff states that while he "does not doubt the documents' authenticity," the Court's reliance upon these documents would convert the instant motion to dismiss into a motion for summary judgment, such that plaintiff should be entitled to limited discovery.[3] Dkt. 27 (Ex Parte App.), at 8.

Ultimately, however, pursuant to the incorporation by reference doctrine, the Court may—"without converting the motion to dismiss into a motion for summary judgment,"

---

[3] In an order dated July 20, 2016, the Court denied plaintiff's ex parte request to conduct limited discovery. See Dkt. 29.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                          **'O'**

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
|---|---|---|---|
| Title | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

United States v. Ritchie, 342 F.3d 903, 907-08 (9th Cir. 2003)—consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleadings," In re Silicon Graphics Inc. Securities Litigation, 183 F.3d 970, 986 (9th Cir. 1999). See also Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) ( "[The Ninth Circuit] ha[s] extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of the document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint."). Thus, to the extent a set of documents has been incorporated by reference in a complaint, "the documents are not evidence, but allegations [plaintiff] has made." Gerritsen v. Warner Bros. Entm't Inc., 116 F. Supp. 3d 1104, 1119 (C.D. Cal. 2015) (Morrow, J.).

Here, the Court finds that both the paper warrant and the criminal history report have been incorporated by reference, as plaintiff not only mentions these documents in the operative FAC, but makes specific allegations regarding their contents. See, e.g., FAC at ¶¶ 44, 48-49 (alleging the contents of the paper warrant); 52 (alleging that at about 3:06 p.m. on the day of the arrest, "County/SBCSD personnel received from the CDOJ . . . a CDOJ report [i.e., the criminal history report] establishing that based on [p]laintiff's fingerprints [p]laintiff's criminal history ruled him out as the subject of warrant #FVI 1303146"). The Court does not, however, consider the contents of the booking record, as plaintiff does not make any specific allegations regarding the contents of this document. Although the FAC arguably contains general allegations regarding the process by which an arrestee is booked and a record is generated, see, e.g., FAC at ¶ 20, this does not inform a different result, as "merely mentioning the existence of a document does not satisfy the incorporation by reference standard," Gerritsen, 116 F. Supp. 3d at 1120.

With respect to the documents' contents, the County Defendants rightfully note that the paper warrant (for suspect Martinez) and the criminal history report (for plaintiff) contain some identifying information that is not specifically alleged in the operative FAC. For example, in addition to all of the information alleged in the FAC, the paper warrant for *suspect* Martinez also contains an FBI number. Similarly, the criminal history report for *plaintiff* Manuel Bravo Martinez, purportedly generated around 3:06 p.m. on the day of his arrest, contains an FBI number; notably, this FBI number matches

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                    **'O'**

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
|----------|----------------------|------|-----------------|
| Title    | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

the FBI number listed on the paper warrant for *suspect* Martinez.[4]  Compare Dkt. 25-1, Ex. A with id., Ex. C.

## III.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a  cognizable legal theory.'"  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service,

---

[4]  The Court notes, however, that although the actual paper warrant for suspect Martinez includes an FBI number, see Dkt. 25-1, Ex. A, the operative FAC alleges (1) that after the San Bernardino Superior Court issued the paper warrant, "County/SBCSD personnel created a warrant record in their computerized warrant system," FAC at ¶ 44; and (2) that CPD Officer Collins "was informed" of warrant  #FVI  1303104 "[v]ia the law enforcement data system" and not based upon any review of the actual paper warrant, id. at ¶ 48.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                    **'O'**

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
|----------|----------------------|------|-----------------|
| Title | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV.   DISCUSSION

### A.   Plaintiff's Section 1983 Claim for False Arrest in Violation of the Fourth Amendment

Plaintiff's first claim, brought pursuant to 42 U.S.C. § 1983, is asserted against defendants City of Colton, CPD, and CPD Officer Collins (in both his official and individual capacities), and alleges that plaintiff was falsely arrested in violation of the Fourth Amendment. For reasons explained in the discussion that follows, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
|----------|----------------------|------|-----------------|
| Title | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

denies Colton and CPD's motion to dismiss this claim, but grants Officer Collins's motion on the basis of qualified immunity.

### 1.     Colton, CPD, and CPD Officer Collins

As defendants rightly note, a municipality like the City of Colton cannot be held liable under section 1983 "*solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." Monell v. Dep't of Social Servs. of City of New York, 436 U.S. 658, 691 (1978) (emphasis original).  Rather, a plaintiff may establish municipal liability by demonstrating that "a public entity employee committed the alleged constitutional violation pursuant to a formal policy or a longstanding practice or custom, which constitutes the standard operating procedure of the local government entity."  Avalos v. Baca, 596 F.3d 583, 587-88 (9th Cir. 2010).  Liability based upon a formal policy ensures that a municipality "is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may be fairly said to be those of the municipality."  Board of the Cnty. Cmm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403-04 (1997) (citing Monell, 436 U.S. at 694).  Similarly, an act performed pursuant to "custom" which has not been "formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have force of law."  Id. (citing Monell, 436 U.S. at 690-91).

Ultimately, therefore, municipalities and counties may be held liable under 42 U.S.C. § 1983 only where a plaintiff can show (1) that he was "deprived of [his] constitutional rights by defendants and their employees acting under color of state law; (2) that the defendants have customs or policies which 'amount to deliberate indifference to . . . constitutional rights; and (3) that these policies are the moving force behind the constitutional violations.' "  Lee v. City of Los Angeles, 250 F.3d 668, 681-82 (9th Cir. 2001) (quoting Oviatt v. Pearce, 954 F.2d 1470, 1473-77 (9th Cir. 1992)).

###       a.     *Whether Plaintiff Has Sufficiently Alleged that he was Deprived of his Fourth Amendment Rights*

Plaintiff Manuel Bravo Martinez alleges that CPD Officer Collins arrested him pursuant to an outstanding warrant for another individual with a similar name (i.e.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                     **'O'**

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
| --- | --- | --- | --- |
| Title | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

Manuel Martinez, Jr.).  Where, as here, an arresting officer "had probable cause to arrest *the true subject of the warrant* but mistakenly believed that [plaintiff] was that person[,] . . . the question is whether the arresting officers had a good faith, reasonable belief that the arrestee was the subject of the warrant."  Rivera v. Cnty. of Los Angeles, 745 F.3d 384, 389 (9th Cir. 2014) (emphasis added) (citing Hill v. California, 401 U.S. 797, 804 (1971) ("[S]ufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment and on the record before us the officers' mistake was understandable and the arrest a reasonable response to the situation facing them at the time.")).  Under the Supreme Court's decision in Hill, the arrest of a person other than the person sought is valid under the Fourth Amendment if (1) the police have probable cause to arrest the person sought, and (2) the arresting officers reasonably believe the arrestee to be the suspect sought.  Simons v. Marin Cnty., 682 F. Supp. 1463, 1471 (N.D. Cal. 1987) (citing Hill, 401 U.S. at 802).

Therefore, for purposes of the instant motion to dismiss, the Court must determine whether plaintiff has sufficiently pled facts demonstrating that Officer Collins could not reasonably believe that plaintiff was the actual suspect sought under the warrant.  In this regard, plaintiff avers that the arrest was unreasonable because (1) plaintiff repeatedly asserted to Collins that he was not the person sought by the warrant; (2) plaintiff's name did not match the name on the warrant (plaintiff's name is "Manuel Bravo Martinez" while the warrant—or at least the County's electronic record of the warrant—purportedly called for the arrest of "Manuel Martinez, Jr."); (3) plaintiff and suspect Martinez do not share the same birth date (although both were born in 1983); (4) plaintiff's address differed significantly from that indicated on the warrant; and (5) plaintiff's driver's license number did not match that of suspect Martinez.

With respect to the sufficiency of plaintiff's pleadings, the instant case presents a closer question than other mistaken-identity-false-arrest cases in the Ninth Circuit, at least insofar as plaintiff here does not allege any *physical* features—such as height, weight, eye color, hair color, or ethnicity—that distinguished him from the description of suspect Martinez upon which Officer Collins relied.  See, e.g., Gant v. Cty. of Los Angeles, 772 F.3d 608, 613 (9th Cir. 2014) (noting suspect was listed as 6'1" tall and weighing 200 lbs, while arrestee's driver's license indicated that he was 5'6" tall and weighed 180 lbs); Garcia v. Cty. of Riverside, 817 F.3d at 641 (noting arrestee was "nine inches taller and forty pounds heavier than the warrant subject").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    'O'

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
| --- | --- | --- | --- |
| Title | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

Crucially, however, the Court notes that Ninth Circuit law regarding Fourth and Fourteenth Amendment claims arising from false arrest and wrongful incarceration due to mistaken identity has generally developed with the benefit of a fully developed factual record, in the context of motions for summary judgment or motions for judgment as a matter of law. See, e.g., Fairley v. Luman, 281 F.3d 913, 919 (9th Cir. 2002) (per curium) (declining to reach the merits of plaintiff's Fourth Amendment unlawful arrest claim and affirming district court's denial of defendants' motion for *judgment as a matter of law* on plaintiff's Fourteenth Amendment Due Process Clause claim for wrongful incarceration); Rivera, 745 F.3d at 389 (affirming district court's grant of *summary judgment* on plaintiff's Fourth Amendment false arrest claim where, based upon the fully developed factual record, "the [arresting] deputies' belief that [the arrestee] was the true subject of the warrant was not unreasonable under the Fourth Amendment"); Gant, 772 F.3d at 618 (affirming district court's grant of *summary judgment* on plaintiff's Fourth Amendment false arrest claim despite plaintiff's assertion that the arresting officers did not have probable cause to believe that he was the subject of the arrest warrant due to "radical discrepancies" between the height, weight, name, and residence on the arrestee's driver's license and the warrant's description of its subject); Reed v. Baca, 564 Fed. App'x 880 (9th Cir. 2014) (affirming district court's grant of *summary judgment* on plaintiff's Fourth Amendment false arrest claim where "[t]here [was] no question, even when viewing the facts in the light most favorable to Reed, that the police had probable cause to arrest the true subject of the warrant, and 'the arresting officers had a good faith, reasonable belief that the arrestee was the subject of the warrant' ") (citation omitted).

Indeed, the Court is unaware of any case based upon facts similar to those alleged here wherein the Ninth Circuit upheld dismissal at the pleading stage of mistaken-identity Fourth or Fourteenth Amendment claims. Accord Alvarado v. Bratton, 299 Fed. App'x 740, 742-43 (9th Cir. 2008) (reversing district court's dismissal with prejudice of plaintiff's Fourteenth Amendment wrongful incarceration claim where the complaint alleged that plaintiff "was arrested due to mistaken identification and detained because Defendants failed to perform simple identification checks that would have immediately made clear that he was not the person wanted" and plaintiff "repeatedly told the police that he was not the subject of the warrant," noting "[t]hese allegations [in the complaint] make [plaintiff's] claim comparable to the successful claim in Fairley").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
|---|---|---|---|
| Title | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

With the foregoing in mind, the Court finds that, at least for purposes of the instant motion to dismiss, plaintiff's allegations are sufficient to state a claim for deprivation of plaintiff's rights under the Fourth Amendment.

> **b.**     ***Whether Plaintiff has Sufficiently Alleged that Colton and CPD have Customs or Policies which Amount to Deliberate Indifference to Plaintiff's Constitutional Rights***

In their motion to dismiss, Colton and CPD further argue that plaintiff's <u>Monell</u> claim fails because "a single incident of alleged unconstitutional activity is not sufficient to impose liability under <u>Monell</u>," and plaintiff's FAC fails sufficiently to allege (1) that any constitutional violation was the result of a policy, custom, or deliberate indifference, or (2) that any policy was the "moving force" behind the alleged violation. Based upon a review of the complaint, the Court disagrees and finds that plaintiff has sufficiently alleged that his false arrest stemmed from Colton and CPD's customs or practices.

Specifically, plaintiff alleges that it is the "custom and practice of the County, SBCSD, *Colton and CPD* to ignore claims of mistaken identity," and that instead "the County, SBCSD, *Colton and CPD* leave it to a judge to figure out even though County, SBCSD, *Colton and CPD* officials know that judicial officers, unlike defendants, do not understand and cannot use law enforcement identification systems." FAC at ¶ 51 (emphasis added). Plaintiff further alleges that "SBCSD personnel and [CPD Officer] Collins booked [p]laintiff on warrant #FVI 1303104 despite the evidence, both known and readily available, establishing [p]laintiff was not the warrant's subject, *because it is the long-standing SBCSD, Colton and CPD practice to regularly ignore prisoners' complaints they are being held on warrants meant for another . . . .*" <u>Id.</u> at ¶ 56 (emphasis added). As to his allegedly false arrest, plaintiff avers that it

> occurred because of policies, practices and customs of Colton and CPD, . . . [in that] these defendants ignore obvious discrepancies between the person being arrested and the suspect wanted on the warrant, and that they do so in face of complaints and protests made by the arrestee; and that Colton and CPD do not require that even though actually known and/or easily accessible to Colton and CPD personnel, CII numbers and other

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
|---|---|---|---|
| Title | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

unique identifiers are not considered or investigated when the
circumstances warrant it, as they did in this case.

Id. at ¶ 62.

Collectively, the Court finds these allegations to be sufficient to establish Monell
liability for purposes of a motion to dismiss.  Notably, "[i]n this circuit, a claim of
municipal liability under § 1983 is sufficient to withstand a motion to dismiss *even if the
claim is based on nothing more than a bare allegation that the individual officers'
conduct conformed to official policy, custom, or practice*."  AE ex rel. Hernandez v. Cty.
of Tulare, 666 F.3d 631, 636 (9th Cir. 2012) (citation omitted) (emphasis added); see also
Lee, 250 F.3d at 682 (same).  Furthermore, although plaintiff does not specifically allege
that any policy or custom was the "moving force" behind his purportedly unlawful arrest,
plaintiff does allege that his "unlawful arrest, imprisonment and prosecution on suspect
Martinez's warrant was *proximately caused* by [CPD Officer] Collins' actions and the . . .
practices and policies of Colton and CPD . . . ."  Id. at ¶ 63.  Such allegations are
sufficient for pleading that Colton and CPD's policy or custom was the "moving force"
behind the allegedly false arrest.  See Van Ort. v. Estate of Stanewich, 92 F.3d 831, 837
(9th Cir. 1996) ("Pointing to a municipal policy action or inaction as a 'but-for' cause is
not enough to prove a causal connection under Monell.  Rather, the policy must be the
proximate cause of the section 1983 injury.").

Finally, it is true, as Colton and CPD argue, that "[l]iability for improper custom
may not be predicated on isolated or sporadic incidents," and must instead "be founded
upon practices of sufficient duration, frequency and consistency that the conduct has
become a traditional method of carrying out policy."  Trevino v. Gates, 99 F.3d 911, 918
(9th Cir. 1996).  Here, however, although plaintiff does not identify other *specific*
incidents in which individuals were wrongly arrested by Colton and CPD despite protests
of mistaken identity, he sufficiently alleges "that [Officer Collins's] conduct has become
a traditional method of carrying out policy," id.—namely, the policy or custom of
"ignor[ing] obvious discrepancies between the person being arrested and the suspect
wanted on the warrant . . . in [the] face of complaints and protests made by the arrestee,"
without consideration of "actually known and/or easily accessible . . . CII numbers and
other unique identifiers."  FAC at ¶ 64.

Accordingly, the Court finds that, for purposes of a motion to dismiss, plaintiff has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
| --- | --- | --- | --- |
| Title | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

sufficiently alleged <u>Monell</u> liability and therefore may maintain his <u>Monell</u> claims against Colton and CPD.[5]

**B.     Plaintiff's Section 1983 Claim for Wrongful Incarceration in violation of the Fourteenth Amendment**

In addition to his Fourth Amendment claim for false arrest, plaintiff also asserts a section 1983 claim against San Bernardino County, SBCSD, Sheriff McMahon, the City of Colton, and CPD, for wrongful incarceration in violation of the Fourteenth Amendment.

**1.      The County and SBCSD**

In their motion to dismiss, the County, SBCSD, and Sheriff McMahon argue that plaintiff here fails to state a claim for wrongful incarceration because, collectively, the Supreme Court's holding in <u>Baker v. McCollan</u>, 443 U.S. 137 (1979) and the Ninth Circuit's more recent ruling in <u>Rivera v. County of Los Angeles</u>, 745 F.3d 384 (2014) make clear that "the County defendants were under no obligation to investigate and then release plaintiff before his hearing the next day," especially where, as here, the County defendants were not the original arresting agency.  For reasons explained in the discussion that follows, the Court finds plaintiff's allegations to be sufficient to survive the County Defendants' motion to dismiss.[6]

In <u>Baker</u>, a warrant was issued under the plaintiff's name because the plaintiff's brother, the warrant subject, had obtained a copy of the plaintiff's driver's license and had replaced the plaintiff's photo with his own.  When the plaintiff was stopped for running a red light, he was taken into custody on the warrant intended for his brother, and

---

[5]  As explained *infra*, the Court finds that the doctrine of qualified immunity applies to plaintiff's Fourth Amendment claim against Officer Collins in his individual capacity, and that therefore the claim asserted against Collins in his individual capacity is appropriately dismissed.

[6]  Notably, the County Defendants do not argue that plaintiff's <u>Monell</u> claim must fail on the ground that the FAC fails sufficiently to allege customs or policies which amount to deliberate indifference to plaintiff's constitutional rights.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
|----------|----------------------|------|------------------|
| Title | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

was ultimately released several days later after officials compared his appearance to a file photograph of his brother.  Baker, 443 U.S. at 141.  The Supreme Court held that although the plaintiff had been falsely imprisoned, his detention was not a constitutional violation because, without more, "a person arrested pursuant to a [valid] warrant . . . is not constitutionally entitled to a separate judicial determination that there is probable cause to detain him pending trial."  See id. at 143.

The Court further explained its holding in a passage that merits quotation at length, given the centrality of Baker to the instant suit:

> Absent an attack on the validity of the warrant under which he was arrested, respondent's complaint is simply that despite his protests of mistaken identity, he was detained in the Potter County jail from December 30, when Potter County deputies retrieved him from Dallas, until January 2, when the validity of his protests was ascertained.  Whatever claims this situation might give rise to under state tort law, we think it gives rise to no claim under the United States Constitution.  Respondent was indeed deprived of his liberty for a period of days, but it was pursuant to a warrant conforming, for purposes of our decision, to the requirements of the Fourth Amendment.  Obviously, one in respondent's position could not be detained indefinitely in the face of repeated protests of innocence even though the warrant under which he was arrested and detained met the standards of the Fourth Amendment. . . . We may even assume, *arguendo*, that, depending on what procedures the State affords defendants following arrest and prior to actual trial, mere detention pursuant to a valid warrant but in the face of repeated protests of innocence will after the lapse of a certain amount of time deprive the accused of "liberty . . . without due process of law."  But we are quite certain that a detention of three days over a New Year's weekend does not and could not amount to such a deprivation.

Id. at 143-45.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
|----------|----------------------|------|-----------------|
| Title    | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

In its recent ruling in Rivera, the Ninth Circuit relied upon Baker in finding that defendants were entitled to summary judgment on plaintiff's wrongful incarceration claim. The plaintiff in Rivera was misidentified and detained on a warrant meant for a different person with the same name, the same date of birth, and similar physical characteristics (within one inch in height and ten pounds in weight). Rivera, 745 F.3d at 387. The Ninth Circuit held that Rivera's detention did not violate the Fourteenth Amendment's Due Process Clause, explaining that Rivera had not presented any evidence that the defendants knew he was not the true subject of the warrant, nor could he demonstrate that further investigation into his identity was called for based upon what defendants did know at the time. Id. at 391. Instead, as in Baker, deputies reasonably concluded that Rivera was the true warrant subject. Id.; see also Baker, 443 U.S. at 141.

Mindful of Rivera and the related mistaken-identity caselaw in the Ninth Circuit, the County Defendants assert that "no circuit court has held that non-arresting custodial officers may be liable under the Due Process Clause for detaining a subject on a valid warrant based on the kind of discrepancies . . . alleged here." County Motion at 3. According to the County defendants, "[n]o facts are alleged [here] showing plaintiff made a *corroborated* claim of innocence"—i.e., a claim of innocence based on discrepancies in *physical* characteristics—instead, the only differences between the warrant and plaintiff's identifying information involve his name ("Manuel Martinez, Jr." vs. "Manuel Bravo Martinez"), his day and month of birth, his address, and his driver's license number, all of which are "explainable by something other than a misidentification, such as falsification, alteration[,] or clerical error." Id. at 4. The County defendants thus argue that "under the rule established by Baker and Rivera, the County defendants were under no obligation to investigate and then release plaintiff before his hearing the next day. Like the plaintiffs in Baker and Rivera, plaintiff here matched the warrant description in virtually all respects, and more." County Motion at 11.

In his opposition, plaintiff argues that the law in the Ninth Circuit does not require that any material differences between the warrant's subject and the arrestee be physical in nature. Rather, in plaintiff's view, all that is required is that "circumstances" from the face of warrant indicate that further investigation by the incarcerating agency is warranted and necessary. In making this assertion, plaintiff relies upon Garcia v. Cty. of Riverside, 817 F.3d 635 (9th Cir. 2016), the Ninth Circuit's most recent opinion construing Baker and its progeny.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
|---|---|---|---|
| Title | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

The plaintiff in <u>Garcia</u> was arrested in Riverside County, California, and booked into a Riverside County jail. When officers in the Riverside County Sheriff's Department searched for plaintiff "Mario Garcia" in California's statewide WPS, they found a 1994 felony warrant for "Mario L. Garcia" issued by the Los Angeles Superior Court. The warrant described Mario L. Garcia using only his first and last name, date of birth, height, and weight. Thus, the first and last name and birth date matched plaintiff's own. But plaintiff alleged that when the Riverside County Sheriff's Department contacted personnel at the Los Angeles County Sheriff's Department to report the "hit," the personnel in Los Angeles did not forward information on Mario L. Garcia's biometric identifiers, middle name, or criminal record, all of which differed from that of plaintiff.

The Riverside County Sheriff's Department thus told plaintiff that he would be detained, despite plaintiff's protests that he was not Mario L. Garcia and that he had been mistakenly detained in the past based on the same warrant. The next day, plaintiff was transferred to an LA County jail, where he allegedly repeated his complaints to officers in the Los Angeles County Sheriff's Department, who, in plaintiff's view, knew or should have known that he was not "Mario L. Garcia" because (1) their middle names did not match; (2) their height and weight differed considerably (Mario L. Garcia was listed as 5'1", 130 lbs, while plaintiff was 5'10", 170 lbs.); (3) plaintiff's biometric identifiers, including fingerprints and CII number, did not match those of the subject; and (4) plaintiff's criminal history, which was linked in the system to his fingerprints, did not match that of the subject. <u>Id.</u> at 638. Garcia alleged, much as plaintiff does in his FAC here, that "it is the policy of [the Los Angeles County Sheriff's Department] to ignore CII numbers for identification purposes, to ignore prisoners' complaints of misidentification, and to accept an outside agency's determination that an arrestee is the subject of a warrant rather than conduct an independent identity check upon booking in LA County." <u>Id.</u>

The district court denied defendants' motion to dismiss plaintiff's section 1983 claim for wrongful incarceration in violation of the Fourteenth Amendment Due Process Clause, concluding that plaintiff had alleged detention beyond the point at which the officers should have known to release him. The district court also denied the Los Angeles County Sheriff's request for qualified immunity and the additional defendants' request for quasi-judicial immunity and state-law immunity. Following an appeal of the denial of qualified immunity, the Ninth Circuit affirmed, acknowledging that "[w]hether [the Los Angeles County Sheriff's Department] had to investigate in the face of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    'O'

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
| --- | --- | --- | --- |
| Title | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

[p]laintiff's protests and complaints that he wasn't the person described in the outstanding warrant is an important question." Id. at 641. The issue was "whether [the sheriff's department's] treatment of [p]laintiff's contention that he was not the warrant subject was so superficial, under the circumstances, that it ignored a duty to investigate and offended due process." Id.

Here, again, the County Defendants argue that in light of the number of matching identifiers between plaintiff and the arrest warrant, "the differences in driver's license number, address, month and day of birth, which are susceptible to alteration or clerical error, do not furnish grounds for a Fourteenth Amendment violation as a matter of law." County Motion at 14. Plaintiff, however, alleges that the County defendants (1) knew what plaintiff's CII and Cal ID numbers were; (2) knew, "based on how warrant #FVI 1303104 was issued," that "the County JIMS system had available the unique and biometric identifiers CII and Cal ID numbers for the warrant's true subject (suspect Martinez)"; and (3) knew "that comparing the identifiers would take just *seconds* with no appreciable effort." See FAC at ¶ 50.

Based on these allegations, which the Court must accept as true for purposes of the instant motions to dismiss, the Court cannot conclude that the operative complaint fails, "as a matter of law," to "furnish grounds for a Fourteenth Amendment violation." County Motion at 14. Like the plaintiff in Garcia, plaintiff here (1) "has alleged that his jailers had reason to know that he had been mistaken for the true warrant subject" (based upon the differences in the name, birth date, address, and driver's license number), and (2) "that [d]efendants' deficient procedures are to blame for the misidentification"—that is, defendants' policy is "to ignore CII numbers for identification purposes, to ignore prisoners' complaints of misidentification, and to accept an outside agency's determination that an arrestee is the subject of a warrant rather than conduct an independent identity check upon booking in [San Bernardino County]." See Garcia, 817 F.3d at 638, 642; see also FAC at ¶ 56 (alleging that "it is the long-standing SBCSD . . . practice to regularly ignore prisoners' complaints they are being held on warrants meant for another, and instead to accept an outside agency's determination that an arrestee is the warrant's subject even though SBCSD personnel know or should know that the arrestee cannot be the warrant's intended subject").

Furthermore, although the County defendants rightly note that "[p]laintiff admits he was held for only one day before he appeared in court and was released, not the three

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES - GENERAL | | | 'O' |
|---|---|---|---|
| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
| Title | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

days that was insufficient in Baker," County Motion at 7, the Ninth Circuit "[has] been reluctant . . . to read Baker as creating a bright-line rule regarding the length of detention." Alvarado, 299 Fed. App'x at 742. Indeed, the Ninth Circuit in Lee expressly rejected the argument that the plaintiff's claim in that case "must fail at the pleading stage because he was incarcerated for only one day before his extradition hearing." Lee, 250 F.3d at 684; see also Alvarado, 299 Fed. App'x at 742 (same); Gant, 772 F.3d at 619 (9th Cir. 2014) (noting Lee "confirmed that wrongful detention can ripen into a due process violation, but it is a plaintiff's burden to show that 'it was or should have been known [by the defendant] that the [plaintiff] was entitled to release' ") (citing Lee, 250 F.3d at 683). Just as "Lee did not define the point at which repeated pleas of innocence ripen into a Fourteenth Amendment violation," Alvarado, 299 Fed. App'x at 742, the Court here cannot conclude, based upon the allegations in the FAC, that plaintiff's Fourteenth Amendment claim must fail based upon the relatively short length of his alleged wrongful incarceration. Cf. Garcia, 817 F.3d at 641 ("No person deserves to be incarcerated without good reason, and incarceration on a warrant without a reasonable investigation of identity, when the circumstances demand it, is subject to review under the Due Process Clause.").

Finally, the Court notes that the paper warrant's (seemingly mistaken) inclusion of plaintiff's FBI number does not mandate a different result. As stated supra, the Court may consider the contents of the actual paper warrant for the arrest of suspect Martinez, as well as the August 15, 2015 criminal history report for plaintiff Manuel Bravo Martinez, because the FAC incorporates these documents by reference. A review of the documents indicates that the paper warrant for suspect Martinez contains an FBI number that matches the FBI number listed on plaintiff Martinez's criminal history report, which was generated at 3:06 p.m. on the day of his arrest. Compare Dkt. 25-1, at Ex. A with id., at Ex. C. In the County's view, "the  presence of  plaintiff's FBI number in the [paper] warrant [for suspect Martinez] conclusively forecloses any relief based  on  the  claim that [plaintiff] would  have  been  entitled  to  release  before  his  court  hearing the next day." County Reply at 2. While this argument may ultimately prevail at summary judgment, it does not warrant dismissal of plaintiff's claim here, in light of the facts as alleged in the FAC. Crucially, the operative complaint does not allege that any CPD or SBCSD officials ever actually reviewed the *paper* warrant; rather, County and SBCSD personnel allegedly operate an electronic "central repository" for warrants, which "stores warrants *as electronic data* in a computer-based system." FAC at ¶ 22 (emphasis added). Plaintiff specifically alleges that County/SBCSD personnel created "a warrant record in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                     '**O**'

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
|----------|----------------------|------|-----------------|
| Title | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

their computerized warrant system" for the arrest of suspect Martinez, FAC at ¶ 44, and that it was this electronic record—and not the paper warrant—that Officer Collins accessed before arresting plaintiff on the warrant, <u>see</u> <u>id.</u> at ¶ 48. Plaintiff similarly alleges that County officials did not rely upon the actual paper warrant at any time, and therefore—according to the FAC—could not readily compare the FBI number as listed on plaintiff's criminal history report (which the County received at 3:06 p.m.) with the number listed on the paper warrant.

Accordingly, because the Court finds that plaintiff has successfully stated a claim for wrongful arrest in violation of the Fourteenth Amendment Due Process Clause, the County Defendants' motion to dismiss this claim must be **DENIED**.

### 2.     Colton and CPD

Plaintiff's Fourteenth Amendment Due Process claim for wrongful *incarceration* is also asserted against defendants Colton and CPD, the entities responsible for plaintiff's allegedly false *arrest*. Colton and CPD contend that "any claims of wrongful incarceration or false imprisonment cannot be attributed to the City Defendants, as [p]laintiff is alleged to have been booked into a County facility, at which point the City Defendants were no longer involved." Colton Motion at 8. In his opposition, plaintiff argues that because Colton and CPD are purportedly "responsible for all injuries sustained as a proximate result of the unlawful arrest by [CPD] Officer Collins," Opp'n to Colton at 1, they should be held liable for plaintiff's wrongful incarceration by the County Defendants. In advancing this argument, plaintiff relies upon the Ninth Circuit's decision in <u>Fairley</u>.

The plaintiff in <u>Fairley</u> was detained by officers of the City of Long Beach Police Department and held for twelve days on out-standing warrants for the arrest of his twin brother. <u>Fairley</u>, 281 F.3d at 915. The Ninth Circuit explained that the wrongfully detained plaintiff in Fairley "had a liberty interest in being free from a twelve-day incarceration without any procedural safeguard in place to verify [that] the warrant he was detained on was his and in the face of his repeated protests of innocence." <u>Id.</u> at 918. In light of "the importance of [the plaintiff's] liberty interest, the significant risk of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
|----------|----------------------|------|-----------------|
| Title | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

deprivation of that interest through the City's warrant procedures, and the minimum burden to the City of instituting readily available procedures for decreasing the risk of erroneous detention, the procedures afforded by the City to [plaintiff] failed to provide him due process under the Fourteenth Amendment." Id. As is especially relevant here, the Court in Fairley noted that

> [t]he City's responsibility for his detention was not defeated by [plaintiff's] transfer to the L.A. County Jail for four days. *Due process imposes a requirement to take steps to verify a detainee's identity before transferring the detainee.* The consequences of the transfer were foreseeable and the transfer did not break the chain of causation between the City's failure to take steps to identify John and his detention.

Id. at 918 (emphasis added). Here, therefore, plaintiff appears to argue that "[d]ue process impose[d] a requirement [upon the City Defendants] to take steps to verify [plaintiff's] identity before transferring [him]" to the County facility. Id.

Plaintiff's reliance upon Fairley is unavailing, as the instant case is controlled by the Ninth Circuit's more recent decision in Gant. In that case, the arresting officers belonged to the Chino Police Department, which "does not book or hold felony arrestees." Id. at 613. Accordingly, following plaintiff's arrest, the arresting officers had only "transported [the plaintiff] to the Chino police station while an officer obtained the warrant abstract," before subsequently taking the arrestee to a county facility. Id. With respect to the Chino defendants, the lower court granted summary judgment on plaintiff's Fourteenth Amendment false imprisonment claim, explaining that the city "did not detain [the arrestee] beyond his arrest," but merely "arrested him, stopped briefly at the Chino police department[,] . . . left [the arrestee] in the car, and then transported [the arrestee] to the San Bernardino facility for booking." Gant v. Cty. of Los Angeles, 765 F. Supp. 2d 1238, 1252 (C.D. Cal. 2011) (Feess, J.), aff'd in part and rev'd in part on other grounds, 772 F.3d 608 (9th Cir. 2014). The Ninth Circuit affirmed, explaining that "[t]he Chino defendants did not detain [the arrestee] beyond his arrest," and therefore "[t]he district court correctly concluded that the reasonableness of their arrest . . . should be analyzed under the Fourth Amendment, not as a post-arrest detainment claim under the Fourteenth Amendment." Gant, 772 F.3d at 621(citing Rivera, 745 F.3d at 389-90).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| CIVIL MINUTES - GENERAL | | | 'O' |
|---|---|---|---|
| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
| Title | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

Here, Officer Collins did not even "stop[] briefly at the [Colton] police department," Gant, 765 F. Supp. 2d at 1252, but rather transported plaintiff directly to the County facility in San Bernardino. Accordingly, plaintiff's section 1983 claim against Colton and CPD "should be analyzed under the Fourth Amendment, not as a post-arrest detainment claim under the Fourteenth Amendment." Gant, 772 F.3d at 621.

Therefore, plaintiff's Fourteenth Amendment claim against Colton and CPD is appropriately **DISMISSED**.

### C.   Whether CPD Officer Collins and SBCSD Sheriff McMahon are Entitled to Qualified Immunity Based Upon the Allegations in the Complaint

CPD Cofficer Collins and SBCSD Sheriff McMahon argue in their respective motions that each is entitled to qualified immunity from plaintiff's Fourth and Fourteenth Amendment claims, respectively. Because qualified immunity "is not available . . . [to] individuals in their official capacities," Eng v. Cooley, 552 F.3d 1062, 1064 n.1 (9th Cir. 2009), the Court considers only whether Collins and McMahon are entitled to qualified immunity in their individual capacities. See Hallstrom v. City of Garden City, 991 F.2d 1473, 1482 (9th Cir.1993) ("A municipality (and its employees sued in their official capacities) may not assert a qualified immunity defense to liability under Section 1983.") (citation omitted).

### 1.   The Doctrine of Qualified Immunity

The doctrine of qualified immunity shields Collins and McMahon from civil liability so long as their conduct " 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Thus, qualified immunity will apply "*unless* (1) facts viewed in the light most favorable to the injured party show that the officer violated a constitutional right *and* (2) the right was *clearly established* at the time of the alleged misconduct." Ford v. City of Yakima, 706 F.3d 1188, 1192 (9th Cir. 2013) (emphasis added) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)); see also Garcia, 817 F.3d at 639. A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                              **'O'**

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
|----------|----------------------|------|-----------------|
| Title    | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. |  |  |

what he is doing violates that right." Reichle v. Howards, 132 S.Ct. 2088, 2093 (2012) (internal quotation marks and alteration omitted).

The Supreme Court has "repeatedly told courts—and the Ninth Circuit in particular—not to define clearly established law at a high level of generality," Ashcroft v. al–Kidd, 563 U.S. 731, 741 (2011) (internal citation omitted), but instead to consider "whether the violative nature of *particular* conduct is clearly established," id. at 742 (emphasis added); see also Brosseau v. Haugen, 543 U.S. 194, 198 (2004) (per curiam ) (noting that the relevant inquiry " 'must be undertaken in light of the specific context of the case, not as a broad general proposition' ") (quoting Saucier, 533 U.S. at 201). While the law "do[es] not require a case directly on point, . . . existing precedent must have placed the statutory or constitutional question beyond debate." al–Kidd, 563 U.S. at 741; see also Mullenix v. Luna, 136 S. Ct. 305, 308 (2015) (per curium) ("Put simply, qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.' ") (quoting Malley v. Briggs, 475 U.S. 335, 341(1986)). Recently, the Supreme Court reiterated that "[s]uch specificity is especially important in the Fourth Amendment context, where the Court has recognized that '[i]t is sometimes difficult for an officer to determine how the relevant legal doctrine"—here, unlawful arrest and incarceration—"will apply to the factual situation the officer confronts.' " Mullenix, 136 S. Ct. at 308.

### 2.    CPD Officer Collins

In accordance with the discussion *supra* regarding plaintiff's Monell claim, the Court here concludes that, viewing the facts in the light most favorable to plaintiff, Officer Collins has violated plaintiff's rights under the Fourth Amendment. However, the Court cannot conclude that "at the time of the challenged conduct, '[t]he contours of [the Fourth Amendment] right [were] sufficiently clear' that every 'reasonable official would have understood that what he [was] doing violate[d] that right.' " al–Kidd, 563 U.S. at 741 (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)). Generally speaking, "[a]s the Supreme Court has expressly recognized, police are right to be wary when suspects claim mistaken identity," Rivera, 745 F.3d at 389, as "aliases and false identifications are not uncommon," Hill, 401 U.S. at 799, 803 (finding that officers had a reasonable, good faith belief that the arrestee was in fact the suspect sought, despite the arrestee's assertion "that he was not [suspect] Hill, [and] that his name was Miller").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL                                          'O'

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
|----------|----------------------|------|-----------------|
| Title | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

  Ninth Circuit caselaw regarding mistaken-identity-false-arrest claims (under the Fourth Amendment) is less fully developed than the law regarding mistaken-identity-wrongful-incarceration claims (under the Fourteenth Amendment). See, e.g., Fairley, 281 F.3d at 919 (declining to reach the merits of plaintiff's Fourth Amendment unlawful arrest claim but affirming district court's denial of defendants' motion for judgment as a matter of law on plaintiff's Fourteenth Amendment Due Process Clause claim for wrongful incarceration); Alvarado, 299 Fed. App'x 740, 742-43 (reversing district court's dismissal of plaintiff's Fourteenth Amendment wrongful incarceration claim); Garcia, 817 F.3d 635 at 639 n.2 (noting that the plaintiff had settled his Fourth Amendment false arrest claim against the entities responsible for his arrest).

  Authority from outside this circuit further muddles the contours of the right at issue here and does not help "place[] the statutory or constitutional question beyond debate." al-Kidd, 563 U.S. at 741. For example, in Rodriguez v. Farrell, the Eleventh Circuit found an officer's mistaken arrest of plaintiff "Joe John Rodriguez" in lieu of suspect "Joe Rodriguez" to be reasonable because, inter alia, both individuals (1) were of the same sex and race, (2) had the same first and last name, and (3) were born in the same year (albeit on different months and days). 280 F.3d 1341, 1347 (11th Cir. 2002). "Against all of these similarities [was] one material difference": plaintiff Rodriguez said he was 5'11" tall, while the warrant listed the suspect as 5'6." Id. at 1348. The Rodriguez court nonetheless found that "[a] reasonable mistake cannot . . . be transformed into an unreasonable mistake over such a small difference, given all the circumstances." Id.; see also Garcia v. Cnty. of Tulare, 2010 WL 424405, at *10 (E.D. Cal. Jan. 27, 2010) (Ishii, C.J.) (finding on summary judgment that it was reasonable, as a matter of law, for officers to arrest a plaintiff who "was the same sex as the person named in the warrant, used the same nickname, appeared to be near the same age as the person on the warrant, and was found near the location where she expected to find [the suspect]").

  Thus, because existing precedent has not placed the constitutional question at issue here "beyond debate," al–Kidd, 563 U.S. at 741, Officer Collins is shielded from liability

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
|----------|----------------------|------|-----------------|
| Title | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

in his individual capacity by the doctrine of qualified immunity, and therefore his motion to dismiss the claim against him is **GRANTED**.[7]

### 3.    Sheriff McMahon

Sheriff McMahon argues that the Supreme Court's ruling in <u>Baker</u> and the Ninth Circuit's holding in <u>Rivera</u> "preclude liability of a non-arresting custodial officer for a due process violation based on a one day detention, regardless of the discrepancies between plaintiff and the warrant subject." County Motion at 16-17. With respect to qualified immunity, Sheriff McMahon argues that even if the conduct alleged in the complaint makes out a violation of a constitutional right, any such right was not "clearly established" at the time of the defendant's alleged misconduct, and therefore McMahon is protected by qualified immunity. Specifically, McMahon contends that the Ninth Circuit

---

[7]  The Court notes that plaintiff expressly agreed in his opposition to dismiss Officer Collins in his *official* capacity. <u>See</u> Opp'n to Collins at 7.

In addition, the Court further notes that plaintiff filed an untimely supplemental opposition without leave of court, which, even if considered, does not inform a different result. With respect to the question of Officer Collins's qualified immunity, plaintiff asserts that he can amend the FAC to allege the following:

> When Collins arrested Plaintiff[,] Collins had actual knowledge of the California driver's license numbers for *both* Plaintiff and the warrant's intended subject. With those unique identifiers, Collins had ready access (as measured in minutes if not seconds) to official information that would have further verified by fingerprints that Plaintiff was not and could not be the subject of felony warrant no. FVI1303104.

<u>See</u> Suppl. Opp'n to Collins at 1-2. Even if the FAC had contained these allegations, Officer Collins would nonetheless be entitled to qualified immunity, as it is not "clearly established" that arresting plaintiff under the conditions alleged in the supplemental opposition would constitute a violation of the Fourth Amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
|----------|----------------------|------|-----------------|
| Title    | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

> has just begun to address the circumstances that constitute
> corroboration of innocence when the claim involves mistaken
> identity in a warrant arrest.  [Based on the Ninth Circuit's
> recent ruling in <u>Garcia</u>,] [a]rresting and custodial officers are
> now charged with knowledge that a nine inch difference in
> height constitutes corroboration of innocence, but this was
> decided after plaintiff's arrest.  And the Ninth Circuit has yet to
> articulate a standard of proof for corroboration of innocence,
> except to suggest the test is whether a cursory comparison of
> physical characteristics is inexplicable except as a
> misidentification.

County Motion at 17.

    McMahon rightly notes that the Ninth Circuit's ruling in <u>Garcia</u> post-dates the conduct alleged in the FAC, such that none of the defendants here can be charged with knowledge of that ruling.  However, to the extent <u>Garcia</u> construes the holdings in related mistaken-identity cases that *pre*-date defendants' alleged conduct, any such construction of these prior decisions is now binding on this Court.  With this mind, the Court finds that, at least for purposes of the instant motion to dismiss, McMahon's arguments regarding qualified immunity are foreclosed by the Ninth Circuit's ruling in <u>Garcia</u>.[8]

    In <u>Garcia</u>, former Los Angeles County Sheriff Lee Baca sought qualified immunity in his motion to dismiss on the ground "that until <u>Rivera</u>, [the Ninth Circuit had] applied <u>Baker</u> unevenly and inconsistently," such that any alleged constitutional violation by Baca was not based upon clearly established law.  <u>Garcia</u>, 817 F.3d at 643.  The Ninth Circuit court rejected this argument, explaining that its holdings in <u>Lee</u>, <u>Fairley</u>, <u>Rivera</u>, and <u>Gant</u>—all of which preceded the actions alleged to have occurred in this case—"are

---

    [8] As stated *supra*, the plaintiff in <u>Garcia</u> settled his claims against Riverside County and the Riverside County Sheriff's Department, who were responsible for plaintiff's arrest under the warrant and who had therefore been sued for false arrest in violation of the Fourth Amendment.  <u>Garcia</u>, 817 F.3d 635 at 639 n.2.  Accordingly, the Ninth Circuit's decision in <u>Garcia</u> does not reach the merits of plaintiff's then-settled Fourth Amendment claim in that case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL                    'O'

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
|----------|----------------------|------|-----------------|
| Title | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

explained by differences in the facts, not by inconsistent statements of law." Garcia, 817 F.3d at 643. Specifically, Rivera, which was decided after the district court's denial of qualified immunity in Garcia, merely "summarize[d] existing law: officers violate the Fourteenth Amendment if they wrongly detain a person where 'the circumstances indicated to [them] that further investigation was warranted.' " Garcia, 817 F.3d at 643 (quoting Rivera, 745 F.3d at 391).

Here, plaintiff alleges that the circumstances of his arrest—namely, the four discrepancies between his name, birth date, address, and driver's license number—warranted further investigation by the County and that the County did not have "any procedural safeguard in place to verify [that] the warrant he was detained on was his and in the face of his repeated protests of innocence." Fairley, 281 F.2d at 918. Indeed, according to the operative complaint, SBCSD records show that in the last five years, as many as 450 prisoners were wrongly jailed on warrants meant for others, and that "for years defendant McMahon has been aware that the SBCSD was routinely imprisoning innocent people on warrants describing different persons[,] [but] McMahon took no steps to remedy the situation." FAC at ¶¶ 57-58; compare Garcia v. Cty. of Riverside, 2013 WL 11239123, at *6 (C.D. Cal. Oct. 22, 2013) (Bernal, J.) (denying request for qualified immunity where "Plaintiff alleges that Defendant Baca (1) is aware of the substantial number of individuals that are wrongfully detained, and (2) has failed to remedy this problem"), aff'd 817 F.3d 635 (9th Cir. 2016).

Ultimately, in light of the holdings in Lee, Fairley, Rivera, and Gant, the Court finds that "[t]he contours of the right [at issue here are] sufficiently clear that a reasonable official would understand that what [he allegedly did] violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987); see also Garcia, 817 F.3d 644 ("Rivera and Gant apply precedent from the Supreme Court and our circuit to different allegations by different plaintiffs. They do not make new law. In sum, at the time of Plaintiff's November 2012 incarceration, the standards for determining whether alleged police conduct violates the Fourteenth Amendment were clearly established. Baca is not entitled to qualified immunity.").

Accordingly, Sheriff McMahon is not entitled to qualified immunity based upon the allegations asserted in the operative complaint.

**D.     Whether Defendants Are Entitled to State Law Immunity from**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
|----------|----------------------|------|-----------------|
| Title    | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

**Plaintiff's Wrongful Arrest and False Imprisonment Claims**

The County and SBCSD argue that they are immune from liability for plaintiff's state law claim for false imprisonment based upon California Penal Code § 847 and California Civil Code § 43.55. <u>See</u> County Motion at 19. The first provision, section 847, prohibits claims against any peace officer, acting within his authority, "for false arrest or false imprisonment arising out of any arrest," if the officer at least "had reasonable cause to believe the arrest was lawful." Cal. Penal Code § 847(b). The second provision, section 43.55, precludes claims against "any peace officer who makes an arrest pursuant to a warrant of arrest regular upon its face," if the officer "acts without malice and in the reasonable belief that the person arrested is the one referred to in the warrant." Cal. Civ. Code § 43.55(a). Colton and CPD similarly argue that they are immune from liability on plaintiff's claim for wrongful pursuant to Cal. Const. Art. I § 13. <u>See</u> Colton Motion at 10-12.

As plaintiff rightly notes, the Ninth Circuit in <u>Garcia</u> considered and rejected the argument that these statutes shield from liability the entity responsible for the purportedly unlawful detainment:

> [Los Angeles County and the Los Angeles County Sheriff's Department] assert that they are immune from [p]laintiff's state-law claims (wrongful incarceration pursuant to Cal. Const. Art. I § 13, and false imprisonment) because of immunities provided in California Penal Code § 847 and California Civil Code § 43.55. . . . These statutes do not shield Defendants from liability under state law *because their application is premised on reasonable beliefs*, and the crux of [p]laintiff's claim is that *it was unreasonable for officers to believe that he was the person who was described in the warrant without greater investigation*. Plaintiff has not challenged his arrest for driving under the influence; rather, he challenges [d]efendants' decision to detain him based on a warrant for another person.
>
> Whether the officers who subjected [p]laintiff to imprisonment on the warrant acted reasonably is a question that must be determined in this litigation assessing the boundaries of due

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                   **'O'**

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
|---|---|---|---|
| Title | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

process. There is at this time no applicable state or federal law immunity.

Garcia, 817 F.3d at 644–45 (emphasis added).

Because Garcia is, of course, binding on this Court, the County is foreclosed from prevailing on its argument regarding state law immunity. And because the Court finds the reasoning in Garcia to apply with equal force to plaintiff's claim for false *arrest*, the Court cannot conclude that defendant Colton and CPD are immune from liability as to plaintiff's false arrest claim.

Accordingly, defendants' request that the Court dismiss plaintiff's state law claims is **DENIED**.

### E.   Whether Defendants SBCSD and CPD are Properly Named as Separate Defendants in this Action

Both SBCSD and CPD argue that they are improperly named as separate defendants in this action and should be dismissed on this ground alone. In advancing this argument, SBCSD relies on Judge Ferguson's concurrence in United States v. Kama, 394 F.3d 1236, 1239-40 (9th Cir. 2005) (Ferguson, J., concurring), in which Judge Ferguson explained that "municipal police departments and bureaus are generally not considered 'persons' within the meaning of 42 U.S.C. § 1983."

As plaintiff rightly notes, however, courts in this circuit and others have analyzed this issue under the Ninth Circuit's decision in Streit v. County of Los Angeles and have held that a sheriff's department or a police department may be liable as a separate entity under 42 U.S.C. §1983. See 236 F.3d 552, 565 (9th Cir. 2001) (holding that police and sheriff's departments in California, specifically the Los Angeles County Sheriff's Department, are "separately suable entit[ies]" and can be subject to liability under Section 1983); see, e.g., Butler v. Riverside County, 2015 WL 1823353, at *4 (C.D. Cal. Apr. 22, 2015) (Morrow, J.) ("Plaintiff may, however, sue both the County and the Sheriff's Department, because the Ninth Circuit has held that under California law a sheriff's department is a separately suable entity."); Fetter v. Placer County Sheriff, 2015 WL 164268 (E.D. Cal. Jan. 12, 2015) (denying motion to dismiss section 1983 claims against Placer County Sheriff's Office); Hupp v. San Diego County, 2012 WL 2887229 (S.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                    **'O'**

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
|---|---|---|---|
| Title | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

Cal. July 12, 2012) ("Under California law, municipal police departments, such as SD Sheriff's Dept., are separate suable entities."); see also Olvera v. County of Sacramento, 932 F. Supp. 2d 1123, 1172 n.17 (E.D. Cal. 2013) (analyzing, in dicta, Kama and Streit and finding Streit to be more persuasive); but see Morales v. City of Delano, 2010 WL 2942645, at *3 (E.D. Cal. July 23, 2010) (distinguishing Streit on the ground that Streit case concerned the Los Angeles County Sheriff's Department's liability "in its function of managing jails" but not as to "traditional law enforcement functions"); Brown v. Cnty. of Kern, 2008 WL 544565, at *3 (E.D. Cal. Feb. 26, 2008) ("Kern County is the proper defendant in a § 1983 suit, not Kern County Sheriff's Department.").

Given that in Streit, the Ninth Circuit specifically held that the Los Angeles County Sheriff's Department is subject to liability under Section 1983, whereas in Kama, the case concerned whether the Portland Police Bureau can be considered a "person" under Section 844(a) of the Controlled Substances Act, the Court finds Streit to be more relevant and persuasive here.

Accordingly, the Court declines to dismiss SBCSD and CPD on the grounds that they are improperly named as distinct entities from the County and City of Colton, respectively.

## V.    CONCLUSION

In accordance with the foregoing, the County Defendants' motion to dismiss is **DENIED** in its entirety, while Colton and CPD's motion to dismiss is **GRANTED** in part and **DENIED** in part—specifically, plaintiff's section 1983 claim for wrongful incarceration is **DISMISSED** as to defendants Colton and CPD.  In addition, CPD Officer Collins's motion to dismiss is **GRANTED** on the ground that Collins is immune from civil liability under the doctrine of qualified immunity, and is therefore appropriately dismissed from this action.

While it appears that further amendment of his claim against Officer Collins would likely be futile, as explained *supra* at n.7, the Court nonetheless grants plaintiff leave to file an amended complaint that attempts to address the deficiencies of his claim against Officer Collins only.  Plaintiff may not further amend the complaint without the Court's leave.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                           'O'

| Case No. | EDCV16-702-CAS(DTBx) | Date | August 30, 2016 |
|---|---|---|---|
| Title | MANUEL BRAVO MARTINEZ v. CITY OF COLTON, ET AL. | | |

     Should plaintiff wish to file amended complaint addressing the deficiencies identified herein as to his claim against Officer Collins individually, plaintiff may do so no later than **Thursday, September 8, 2016**.

     IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CL | |